UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| EDWARD L. HEMENWAY, | ) | |
| | ) | |
| Plaintiff, | ) | 11 C 2889 |
| | ) | |
| vs. | ) | Judge Feinerman |
| | ) | |
| MILLENNIUM TRUST COMPANY, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

### Memorandum Opinion and Order

Plaintiff Edward L. Hemenway entered into a Roth Individual Retirement Account Agreement ("Roth") and a Traditional Individual Retirement Account Custodial Agreement ("IRA") with Defendant Millennium Trust Company, LLC. Doc. 18 at 7-21, 23-35. The Agreements' identical arbitration provisions state:

> Except as provided below, disputes between the parties to this Agreement shall first be submitted to private binding arbitration at the demand of either party. In any arbitration, each party shall appoint one person who is not in its employ or under contract with it to serve as arbitrator, and the two arbitrators shall name a third arbitrator. Except as otherwise agreed by the parties, the Arbitration Rules of the American Arbitration Association shall apply to the arbitration proceeding. The parties agree that, except as provided below, no court action shall be taken by either party prior to arbitration, and the majority decision of the arbitration panel shall be binding on both parties in any subsequent action in court.
>
> Notwithstanding the above provisions, [Millennium] shall have the right to bring suit against [Hemenway] or the Custodial Account in a court of competent jurisdiction for the recovery of any sums owed [Millennium] under this agreement, including, but not limited to, fees, costs, expenses and sums paid by [Millennium] in error to or for the benefit of the Custodial Account. In such event all court costs, legal expenses, reasonable compensation of time expended by [Millennium] in the performance of its duties, and other appropriate and pertinent expenses and costs shall be collected by [Millennium] from the Custodial Account.

*Id*. at 14, 33-34. Hemenway signed both Agreements. *Id*. at 21, 25. The signature on the IRA Agreement follows this language: "I acknowledge that I have received a copy of the Individual Retirement Account Custodial Agreement and the accompanying Disclosure Statement, and I understand and agree to be bound by the terms, and conditions in both." *Id*. at 25.

In this lawsuit, Hemenway alleges that the money he contributed to his Roth and IRA accounts was lost, that Millennium failed to follow his instructions regarding his contributions, and that Millennium misrepresented itself, its services, and the amount of money in his accounts. The complaint purports to state claims for breach of contract, breach of fiduciary duty, fraud, negligent misrepresentation, and violation of the Illinois Consumer Fraud and Deceptive Practices Act, 815 ILCS 505/1 *et seq*. Citing the Agreements' arbitration provisions, Millennium has moved under the Federal Arbitration Act, 9 U.S.C. § 1 *et seq*., to stay this suit pending arbitration of Hemenway's claims. The motion is granted.

"The FAA reflects the fundamental principle that arbitration is a matter of contract." *Rent-A-Center, W., Inc. v. Jackson*, 130 S. Ct. 2772, 2776 (2010). Section 2 of the FAA states: "A written provision in ... a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract ... shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. Section 3 "allows a party to an action in federal court to request a stay of that action pending arbitration if a valid arbitration clause exists." *Janiga v. Questar Capital Corp.*, 615 F.3d 735, 740-41 (7th Cir. 2010) (citing 9 U.S.C. § 3). A stay of litigation may be granted only if the dispute brought to court falls within the scope of the arbitration agreement. *See Matthews v. Rollins Hudig Hall Co.*, 72 F.3d 50, 53 (7th Cir. 1995); *see also Zurich Am. Ins.*

*Co. v. Watts Indus.*, 466 F.3d 577, 580 (7th Cir. 2006) (same for motions to compel arbitration under 9 U.S.C. § 4). State contract law governs whether an arbitration agreement is valid and enforceable. *See Faulkenberg v. CB Tax Franchise Sys., LP*, 637 F.3d 801, 809 (7th Cir. 2011); *Zurich Am. Ins. Co.*, 466 F.3d at 580.

Hemenway does not and could not contend that the claims in this lawsuit fall outside the scope of the Agreements' arbitration provisions, which broadly encompass "disputes between the parties." Doc. 18 at 14, 33; *see Kiefer Specialty Flooring, Inc. v. Tarkett, Inc.*, 174 F.3d 907, 910 (7th Cir. 1999) ("We have routinely held that a party may not avoid a contractual arbitration clause merely by casting its complaint in tort.") (internal quotation marks omitted). Instead, Hemenway seems to argue that the Agreements are invalid because they arose from misrepresentations made by Millennium. When deciding whether to stay proceedings pending arbitration, however, the court may consider the validity only of the Agreements' arbitration provisions, not of the Agreements themselves. *See Buckeye Check Cashing, Inc. V. Cardegna*, 546 U.S. 440, 445-46 (2006). Any challenges Hemenway wishes to make to the validity of the Agreements themselves must be presented to the arbitrator. *See id*. at 449 ("a challenge to the validity of the contract as a whole, and not specifically to the arbitration clause, must go to the arbitrator"); *see also Parkland Envtl. Grp., Inc. v. Laborers' Int'l Union of N. Am.*, 390 Fed. Appx. 574, 576 (7th Cir. 2010) ("a claim of fraud in the inducement of the contract generally, … as opposed to a claim of fraud in the inducement of just the arbitration provisions[,]" is for the arbitrator and not the court).

The only specific challenge to the validity of the Agreements' arbitration provisions that possibly can be gleaned from Hemenway's brief is that the provisions are "unfair" because "he had no real opportunity of becoming acquainted [with them] before the conclusion of the

contract." Doc. 31 at 3. That challenge is without merit. Under Illinois law, "a party to a contract is charged with knowledge of and assent to a signed agreement." *Faulkenberg*, 637 F.3d at 809 (citing *Melena v. Anheuser-Busch, Inc.*, 847 N.E.2d 99, 108 (Ill. 2006)). Hemenway signed both Agreements, and in so doing assented to each Agreement's terms, including the arbitration provisions. *See ibid*. ("[The parties challenging the arbitration clause's validity] had a duty before signing the … agreement to read and understand its contents. Ignorance of the contract's arbitration provision is no defense if they failed to read the contract before signing.") (citations omitted).

Because the Agreements' arbitration provisions are valid and because Hemenway's claims fall within their scope, Defendant's motion to stay this case pending arbitration is granted. It would appear that arbitration proceedings have not yet been commenced. Because Millennium has not moved for an order compelling arbitration under § 4 of the FAA, 9 U.S.C. § 4, the court will not consider entering such an order. That said, to ensure that his claims are preserved and brought within whatever limitations periods might apply (assuming that those periods have not yet run), Hemenway would be well advised to commence arbitration proceedings with dispatch.

September 13, 2011

_____
United States District Judge